UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JAMES DAVID ASLIN, | Case No. 6:15-cv-00405-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

AIKEN, Judge:

Plaintiff, appearing pro se, filed suit seeking recovery of a $5,000 frivolous tax submission penalty issued against him by the United States through the Internal Revenue Service (IRS). The government moves to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. The government argues that plaintiff's claims are moot, because it granted plaintiff's claim for refund, abated the penalty, and refunded the money paid by him. The government further argues that the Declaratory Judgment and Anti-Injunction Acts bar any additional relief. Alternatively, the government moves to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The motion is granted.

1   - OPINION AND ORDER

DISCUSSION

The IRS issued the penalty at issue due to plaintiff's alteration of a taxpayer declaration, known as a jurat. A jurat is the portion of the tax return where the taxpayer must sign the return. On plaintiff's 2011 tax return, it stated:

> Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Pl.'s Second Am. Petition at 3. Plaintiff struck the jurat from his return and instead wrote: "I am responsible for the truthfulness and accuracy of the information in this return." *Id.* Plaintiff did not make this assertion under the penalties of perjury as required, and the government assessed a $5,000 frivolous tax submission penalty. *See* 26 U.S.C. § 6065 ("Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury."); *id.* § 6702(b) (imposing civil penalties for a "specified frivolous submission"). In September 2015, the government refunded the penalty. Pl.'s Second Am. Petition at 15. The government argues that its refund of the penalty renders plaintiff's claims moot. I agree.

"A case or controversy must exist at all stages of review." *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010). "A case may become moot after it is filed, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks and citations omitted). In this case, the government has refunded the penalty, plaintiff's controversy with the government is no longer "live," and his claims are moot. Regardless of plaintiff's wish to have the merits of his underlying claims addressed, the Declaratory Judgment Act grants federal courts jurisdiction to declare the rights and relations of

2   - OPINION AND ORDER

interested parties, "*except* with respect to Federal taxes." 28 U.S.C. § 2201(a) (emphasis added). There simply is no relief this court may grant.

Plaintiff's response nonetheless invokes the "capable of repetition yet evading review" exception to mootness. This exception applies when: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Enyart v. Nat'l Conference of Bar Exam'rs*, 630 F.3d 1153, 1159 (9th Cir. 2011) (citation omitted). Plaintiff fails to convince this Court that the exception applies in this case. Though plaintiff raises the specter that the government will again levy a similar penalty against him, plaintiff could challenge the issuance of any future penalty, as he did in this case. *Catholic Answers, Inc. v. United States*, 438 Fed. App'x 640, 641 (9th Cir. 2011).

## CONCLUSION

Therefore, the case is moot, and the government's Motion to Dismiss (doc. 26) is GRANTED. All pending motions are denied as moot, and this case is dismissed.

IT IS SO ORDERED.

Dated this 2ND day of May, 2016.

_____
Ann Aiken
United States District Judge

3   - OPINION AND ORDER